**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JOHN WAYNE HALBROOK,
ADC # 89420                                                                                       PLAINTIFF

v.                                              5:12CV00114-BSM-JJV

WENDY KELLEY, Deputy Assistant Director,
Arkansas Department of Correction;  *et al.*                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Judge Brian S. Miller. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis

for the objection. If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection. An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations. The copy will be furnished to the

opposing party. Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a new hearing for this purpose before either the District

Judge or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

John Wayne Halbrook ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that Defendants Wendy Kelley and Maria Lane[1] violated his Eighth Amendment rights by exhibiting deliberate indifference toward his serious medical needs. Defendants filed separate Motions for Summary Judgment (Doc. Nos. 44, 47) seeking dismissal of all claims against them. Plaintiff responded to Defendant Kelley's Motion (Doc. Nos. 50, 51), but he has not

---

[1]Plaintiff's Complaint listed a third defendant, Dr. Ifediora (Doc. No. 2 at 1), who was dismissed after Plaintiff failed to provide an address for service of process (Doc. Nos. 40, 41).

responded to Defendant Lane's Motion within the time allotted by Local Rule 7.2 (b).[2] Accordingly, the Court finds the Motions for Summary Judgment ripe for disposition.

## II.   UNDISPUTED FACTS

Plaintiff alleges he has hepatitis B and C and that he has received inadequate medical care from defendants for these conditions (Doc. No. 45 ¶ 3). Plaintiff is suing both defendants in their official and personal capacities (Doc. No. 2 at 2).

Defendant Kelley denies that Plaintiff's hepatitis care has been inadequate (Doc. No. 45 ¶ 6-10). She further states she is without medical training and has not provided treatment or been involved in treatment decisions (*Id.* ¶ 14). Defendant Lane argues that Plaintiff failed to exhaust his administrative remedies against her (Doc. No. 49 ¶ 6-8) and she never treated Plaintiff (*Id.* ¶ 10).

## III.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.

---

[2]Local Rule 7.2(b) provides that "[w]ithin fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and filed with the Clerk a concise statement in opposition to the motion with supporting authorities." Both Motions for Summary Judgment in this case were filed on May 16, 2014 (Doc. Nos. 44, 47). Plaintiff, pursuant to Fed. R. Civ. P. 6(d), was provided an additional three (3) days to respond.

*Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).   A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).   Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

Defendants argue that all claims against them should be dismissed. Ms. Kelley argues (1) that official capacity claims against her are barred by sovereign immunity, and (2) she is entitled to qualified immunity due to Plaintiff's inability to state a constitutional violation against her.  Ms. Lane argues that (1) Plaintiff failed to exhaust his administrative remedies against her, and (2) she has not exhibited deliberate indifference to Plaintiff's serious medical needs.

Plaintiff asks for an evidentiary hearing at which he will prove that other inmates have died of inadequate hepatitis care (Doc. Nos. 50-51). But this case concerns only Plaintiff's medical treatment and he does not have standing to sue on behalf of other inmates. Moreover, Plaintiff does not explain why evidence that could be offered at an evidentiary

4

hearing could not also be offered through his pleadings.

After careful review of the pleadings, the Court concludes that Defendants are entitled to summary judgment for the reasons stated below.

### A.    Defendant Kelley

#### 1.    Official Capacity Claims

Ms. Kelley argues that, to the extent Plaintiff seeks money damages against her, those claims are barred by the doctrine of sovereign immunity. The Court agrees in principle. It is well established that a suit against an official capacity claim against a state or municipal official is akin to a claim against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a suable "person" under 42 U.S.C. § 1983 does not include a state, a state agency, or a state official sued in their official capacity for damages. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

But Plaintiff's Complaint contains no apparent claims for monetary damages. Rather, Plaintiff seeks injunctive relief – unspecified treatment for hepatitis B and C. He also requests attorney's fees and court costs. The United States Supreme Court has held that "an award of attorney's fees ancillary to prospective relief is not subject to the strictures of the Eleventh Amendment." *Missouri v. Jenkins*, 491 U.S. 274, 279 (1989). Similarly, costs have traditionally been awarded without regard for the States' Eleventh Amendment immunity. *Hutto v. Finney*, 437 U.S. 678, 695 (U.S. 1978).

To the extent that anything in Plaintiff's Complaint may be construed as a claim for monetary damages against Defendant Kelley in her official capacity, such a claim is barred by the doctrine of sovereign immunity. Finding no such claims, the Court turns to Ms.

Kelley's second argument.

    2.    Qualified Immunity

Ms. Kelley argues that she is entitled to qualified immunity owing to Plaintiff's inability to state a constitutional violation against her. Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3] Defendants are entitled to qualified immunity

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Ms. Kelley argues that no constitutional violation exists because she was not involved in Plaintiff's medical treatment. The Court agrees. In order for a claim of deliberate indifference to succeed, it must be brought against the individual or individuals directly responsible for a plaintiff's medical care. *See Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). In the absence of evidence to the contrary, the Court concludes that Defendant Kelley did not provide and was not responsible for providing any medical treatment to Plaintiff. Nor was she involved in treatment decisions for Plaintiff's hepatitis. Rather, Defendant Kelley's involvement appears to have been entirely administrative and limited to responding to Plaintiff's grievances concerning his medical treatment (Doc. No. 2 at 9). And denials of grievances do not state a substantive constitutional claim. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Accordingly, the Court concludes that no reasonable fact finder could find that Defendant Kelley violated Plaintiff's constitutional or statutory rights. Plaintiff's claims against Defendant Kelley are appropriate for dismissal.

### B.    Defendant Lane

1.    Failure to Exhaust

Ms. Lane argues that Plaintiff failed to exhaust his administrative remedies against her and, as a result, she should be dismissed from this case. The Court agrees.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison

grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211.  The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. at 922-23.  So the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*. at 923-924.

Ms. Lane submitted the affidavit of Shelly Byers, an ADC employee and Medical Grievance Coordinator.  Ms. Byers stated that ADC policy requires that inmates exhaust administrative remedies against all defendants, at all levels of the grievance procedure, before filing suit against them (Doc. No. 47-1 at 1). Ms. Byers also noted that inmates are required to be specific as to the personnel involved in any alleged incident (*Id.*). Finally, she stated that, per ADC policy, inmates unsatisfied with an initial response to a grievance must appeal that decision in order to exhaust their administrative remedies (*Id.*).

Ms. Lane provided Corizon documentation stating she was hired as a prison medical provider on August 30, 2011 (Doc. 47-4). Ms. Byers stated that ADC grievance records show Plaintiff exhausted no grievances between August 30, 2011, and March 29, 2012, the date this lawsuit was filed (Doc. 47-1 at 2).  Plaintiff offers no evidence which contradicts the

findings of Ms. Byers. So the Court concludes that Plaintiff failed to exhaust his administrative remedies against Defendant Lane and his claims against her are appropriate for dismissal.

### 2.    Deliberate Indifference

Ms. Lane argues that Plaintiff has not provided any evidence that she was deliberately indifferent to his serious medical needs. After review of the evidence before it, the Court agrees.

 The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain").  "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The United States Court of Appeals for the Eighth Circuit has explained:

Prison doctors and guards violate the Eighth Amendment when they act with

'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'   Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Ms. Lane states she never treated Plaintiff and, therefore, could not have exhibited deliberate indifference to his serious medical needs. In his Complaint, Plaintiff alleges he saw Defendant Lane in either December 2011 or January 2012 and she failed to inform him of the condition of his liver (Doc. No. 2 at 6). But Plaintiff does not allege he suffered an injury as a result of Defendant Lane's alleged failure to inform him of the condition of his liver. A successful claim of deliberate indifference requires not only proof that a defendant knew of and disregarded excessive risks to an inmate's health, but that an injury in fact resulted from the defendant's conduct. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Here, assuming that Plaintiff saw Defendant Lane in late 2011 or early 2012, and assuming that she exhibited deliberate indifference at that meeting, Plaintiff has failed to allege a specific injury arising from that alleged deliberate indifference. Therefore, the Court finds that Plaintiff's claims against Defendant Lane should be dismissed with prejudice.

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    Defendants' Motions for Summary Judgment (Doc. Nos. 44, 47) be GRANTED;

2.      The Complaint (Doc. No. 2) be dismissed with prejudice;

3.      The Court certify that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 20th day of June, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE